WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kathryn Jacobs, | No. CV-14-00974-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas Betlach, Director of the Arizona Health Care Cost Containment System; Richard Kenney; Jessica Lopez; Terry Robbins; Anna Fuentevilla, M.D.; Janine Roumain, M.D.; Arizona Long Term Care System, | |
| Defendants. | |

Defendants Thomas J. Betlach, Director of Arizona Health Care Cost Containment System (AHCCCS), Richard Kenney, Jessica Lopez, Terry Robbins, Ana Fuentavilla, M.D., Janine Roumain, M.D., and the Arizona Long Term Care System (ALTCS) (collectively Defendants), have filed a motion to dismiss the Amended Complaint, pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Doc. 16.) Plaintiff opposes the motion. (Doc. 20.) For the reasons below, the Court grants Defendants' motion and dismisses this action.

**I.   Background**

On May 7, 2014, Plaintiff, proceeding pro se, filed her initial complaint. (Doc. 1.) Plaintiff later filed a redacted complaint with several exhibits. (Doc. 8.) Plaintiff

---

[1] Plaintiff identifies Anna Fuentevilla as a defendant. (Doc. 20 at 1.) Defendants spell her name Ana Fuentavilla (Doc. 16 at 1) and the Court adopts that spelling.

requested permission to file the exhibits under seal. (Doc. 10.) The Court granted Plaintiff leave to file exhibits A, B, and C to the redacted complaint under seal and permitted Plaintiff leave to refile redacted copies of those exhibits. (Doc. 11.) Plaintiff did not file redacted copies of those exhibits. Instead, on May 27, 2014, she filed an Amended Complaint. (Doc. 12.) Although Plaintiff did not attach any exhibits to the Amended Complaint, that complaint refers to the exhibits filed with the redacted complaint. (*Id.*) Defendants have not objected to Plaintiff's reliance on her previously submitted exhibits to support her Amended Complaint. Accordingly, the Court may consider Plaintiff's exhibits when considering the motion to dismiss.[2]

### A.     ALTCS Benefits

AHCCCS is the state agency that receives federal funding to ensure provision of health care services to Arizona's Medicaid clients.[3] *Ball v. Biedess*, 2004 WL 2566262, at *1 (D. Ariz. Aug. 13, 2004), *rev'd in part on other grounds*, 492 P.3d 1094 (9th Cir. 2007). AHCCCS provides Medicaid long-term care benefits to elderly or disabled persons through ALTCS. *Id.* The allegations in the Amended Complaint involve the denial of Plaintiff's application for benefits under ALTCS. (Doc. 12.)

ALTCS provides eligible persons various health care services, including institutional services, home and community based services (HCBS), acute care, and

---

[2] On a motion to dismiss the Court may consider documents attached to the complaint as well as "any documents referred to or 'whose contents are alleged in a complaint and whose authenticity no party questions.'" *McGrath v. Scott*, 250 F. Supp. 2d 1218, 1221 (D. Ariz. 2003) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). On review of the motion to dismiss, the Court considers exhibit D attached to the redacted complaint. (Doc. 8-2 at 1-12.)

[3] "Congress established the Medicaid program under Title XIX of the Social Security Act. This Act authorizes a state's participation in a cooperative federal-state Medicaid program to provide medical assistance to low-income persons. To be eligible for federal financial assistance, states such as Arizona must administer their programs in accordance with federal guidelines. Arizona adopted its plan through the waiver program known as AHCCCS." *Perry v. Chen*, 985 F. Supp. 1197, 1198-99 (D. Ariz. 1996) (internal citations omitted).

behavioral health services. *Id.* Individuals are eligible for ALTCS if they pass both a financial and a medical screen. *Id.* The medical requirement is that the individual be "at risk of institutionalization." *Id.* The director of AHCCCS must provide an assessment of functional and medical criteria as a prerequisite to eligibility for long-term care. *See* Ariz. Rev. Stat. §§ 36-2934 and 36-2936, Ariz. Admin. Code R9-28-301. In accordance with these laws, the Director of AHCCCS (the Director) has established the preadmission screening (PAS) program. Ariz. Rev. Stat. § 36-2936. The PAS assessment is designed to determine the skills and needs of the applicant. *See* Ariz. Rev. Stat. § 36-2936; Ariz. Admin. Code R9-28-303 (setting forth the preadmission screening process).

### B.     Plaintiff's Applications for ALTCS Benefits

In the Amended Complaint, Plaintiff asserts that she has epilepsy that causes her seizures and "puts her at risk of an assisted living level of care." (Doc. 12 at 8.) On three separate occasions she applied for ALTCS benefits. For each application, a preadmission screening (PAS) of Plaintiff's eligibility for ALTCS was conducted. (*Id.* at 4, 5, 7.)

On August 15, 2011, as part of Plaintiff's first application, Richard Kenney gave Plaintiff a functional score of forty and a medical score of zero. (Doc. 12 at 4.) On October 11, 2011, Kenney submitted the PAS assessment for physician review. (*Id.*) Plaintiff asserts that the doctor conducting the review, Ana Fuentavilla, M.D., determined that Plaintiff was "medically complex due to uncontrolled seizure disorder." (*Id.*) Plaintiff alleges that, on October 29, 2011, Kenney and Dr. Fuentavilla denied Plaintiff's application for "ALTCS/HCBS" even though they knew her PAS "omitted a required medical score" and that she was a "qualified individual under Title XIX of" the Social Security Act. (*Id.* at 5.)

Plaintiff applied for ALTCS/HCBS benefits a second time. (*Id.*) On March 12, 2012, Jessica Lopez conducted a PAS of Plaintiff's eligibility for ALTCS. (*Id.*) She gave Plaintiff a functional score of fifty-two and a medical score of zero. (*Id.*) On June 12, 2011, Lopez submitted the PAS assessment for physician review. (*Id.* at 6.) Plaintiff asserts that Janine Roumain, M.D., conducted the review based solely on "summary

notes," that she requested records from a neurologist that Plaintiff had never seen, that she did not review Plaintiff's "neurological notes and EEG from UCLA," and she did not discuss Plaintiff's epilepsy. (Doc. 12 at 6, 8.) Plaintiff alleges that on June 12, 2012, Lopez and Dr. Roumain denied Plaintiff's application for "ATLCS/HCBS" even though they knew her PAS "omitted a required medical score" and that she was a "qualified disabled individual under Title XIX of" the Social Security Act. (*Id.* at 6.)

Plaintiff applied for ALTCS/HCBS benefits a third time. On January 2, 2013, Terry Robbins conducted a PAS of Plaintiff's eligibility for ALTCS. (*Id.* at 7.) Robbins gave Plaintiff a functional score of forty-seven and a medical score of zero. (*Id.*) On March 5, 2013, Robbins submitted the PAS assessment for physician review. (*Id.*) Plaintiff asserts that on review Dr. Roumain found that Plaintiff had a normal neurological examination, but did not physically examine Plaintiff, review her neurological records, or discuss her epilepsy. (*Id.* at 7, 8.) Plaintiff alleges that on March 22, 2013, Robbins and Dr. Roumain denied her application for "ALTCS/HCBS" even though they knew her PAS "omitted a medical score required by PAS policy" and that she was a "qualified disabled individual according to Title XIX of" the Social Security Act. (*Id.* at 7.)

After AHCCCS denied Plaintiff's application for ALTCS/HCBS benefits in March 2013, Plaintiff requested an administrative hearing to review AHCCCS's decision. AHCCCS forwarded that request to the Office of Administrative Hearings for an evidentiary hearing. (Doc. 8-2 at 7.) On October 8, 2013, after a hearing before an Administrative Law Judge (ALJ), which Plaintiff attended with counsel, the ALJ recommended affirming AHCCCS's denial of Plaintiff's application for ALTCS benefits. (Doc. 8-2 at 7-10.) The Director then reviewed the ALJ's decision and adopted it. (Doc. 8-2 at 1-4.) The Director's decision, which was mailed to Plaintiff on October 31, 2013, advised Plaintiff that she could appeal that decision to the Arizona Superior Court (superior court or state court), pursuant to Ariz. Rev. Stat. § 12-901 through 12-914, within thirty-five days after the mailing of the Director's decision. (Doc. 8-2 at 4.)

### C. Plaintiff's Claims

Plaintiff did not file an appeal in the state court, but commenced a separate action in this Court. Liberally construed, the Amended Complaint raises the following claims for relief: (1) the ALTCS pre-admission screening policy for "HCBS" is unconstitutional on its face and as applied to Plaintiff (Doc. 12 at 8-10, 12 (citing Appendix 10A of the PAS policy)); (2) Plaintiff was denied due process during the PAS process because her applications for ALTCS benefits were considered without a physical examination, review of available neurological records, and without consulting Plaintiff's primary care doctor (Doc. 12 at 12); and (3) Defendants breached their agreement with "Medicaid Section 1115" by denying Plaintiff reasonable access to ALTCS and HCBS. (*Id.* at 13.) Plaintiff seeks "[d]eclaratory and injunctive relief," costs, and attorney's fees. (*Id.*) She also seeks monetary damages for "emotional stress and humiliation," "gross negligence and/or deliberate indifference," and for a violation of Ariz. Rev. Stat. § 36-2954.[4] (*Id.*)

Defendants move to dismiss the Amended Complaint for lack of jurisdiction, failure to state a claim, and for failure to comply with the pleading requirements of Rule 8. Because the Court finds dismissal appropriate under Rule 12(b)(1) or (6), it does not address Defendants' Rule 8 argument.

### II. Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim

#### A. Rule 12(b)(1)

Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). The Court should address arguments raised under

---

[4] Although the Amended Complaint refers to the denial of HCBS benefits, in her response to the motion to dismiss, Plaintiff states that she "has received HCBS personal care/homemaker and transportation and supervisory care services ongoing to the present day since relocating to Arizona." (Doc. 20 at 7.) Similarly, during the administrative proceedings, the Director denied Plaintiff's appeal of "AMS [AHCCCS Medical Services]" benefits as moot because AHCCCS "reopened the matter and approved [Plaintiff] for those benefits." (Doc. 8-2 at 10.) Accordingly, it appears that Plaintiff no longer challenges the denial of HCBS benefits and that such a challenge would be moot. Additionally, Plaintiff's claims based on the alleged denial of HCBS benefits should be dismissed for reasons set forth in this Order.

Rule 12(b)(1) before addressing other arguments for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses become moot. *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing Wright and Miller, *Federal Practice and Procedure*: Civil 2d § 1350, 209-10 (1990)). Furthermore, "[t]he party asserting jurisdiction [i.e., Plaintiff] has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). The court presumes lack of jurisdiction until the plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**B.     Rule 12(b)(6)**

Dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980); *see also* Fed. R. Civ. P. 12(b)(6). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal claim, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). When considering a motion to dismiss, the court takes all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In other words, the complaint must contain enough factual content

"to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

**III.    Grounds for Dismissal**

    **A.    Failure to File a Notice of Claim**

Defendants move to dismiss Plaintiff's claims for monetary damages because she did not comply with the notice requirements of Arizona Revised Statute § 12-821.01(A). (Doc. 16 at 4.)  Under Arizona's notice of claim statute, a plaintiff with a claim against a public entity or employee must first file a notice of claim, with the person authorized to accept service on behalf of that entity or employee, within 180 days after the cause of action accrues.[5]  *Id.*  "The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." Ariz. Rev. Stat. § 12-821.01(A).  The statute also requires the plaintiff to include in the notice of claim "a specific amount for which the claim can be settled and the facts supporting that amount." *Id.*

The notice of claim statute protects the government from excess or unwarranted liability, and gives public entities and employees a chance to avoid litigation expenses by investigating and settling before the plaintiff files a complaint. *See Deer Valley Unif. Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007).  Compliance with the notice provision is a "mandatory and essential prerequisite," and a claim that does not comply with § 12-821.01 is statutorily barred. *Falcon v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006); *but see Martineau v. Maricopa County*, 86 P.3d 912, 914 (Ariz. Ct. App. 2004) (concluding that the notice of claim requirements do not apply to claims for declaratory relief).

In her Amended Complaint, Plaintiff asserts state law claims for monetary damages based on "emotional stress and humiliation," "gross negligence," and a violation

---

[5] For purposes of § 12-821.01(A), "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage."  Ariz. Rev. Stat. §12-821.01(B).

- 7 -

of Ariz. Rev. Stat. § 36-2954. (Doc. 12 at 13.) Defendants argue that they are entitled to dismissal of these state law claims for damages because Plaintiff did not serve them or the State with a notice of claim as Ariz. Rev. Stat. § 12-821.01(A) requires.[6] Plaintiff's Amended Complaint does not allege that she complied with the notice of claim requirement of § 12-821.01(A). (Doc. 12.) Similarly, in response to Defendants' motion to dismiss, Plaintiff does not allege that she filed a notice of claim or otherwise address the requirements of § 12-821.01(A). (Doc. 20.)

According to the Amended Complaint, the Director denied Plaintiff's appeal of her denial of ALTCS benefits on October 8, 2013. (Doc. 12 at 8.) The Director's decision was mailed to Plaintiff on October 31, 2013. (Doc. 8-2 at 1-4.) Thus, around October 31, 2013, Plaintiff knew or "should have known" that the Director had affirmed the denial of her application for ALTCS benefits. However, Defendants assert that there is no evidence that Plaintiff filed a notice of claim and Plaintiff does not dispute that assertion. (Doc. 20.) Thus, because Plaintiff did not comply with the State's notice of claim procedures, as Ariz. Rev. Stat. § 12-821.01(A) mandates, the Court grants Defendants' motion to dismiss Plaintiff's claims for monetary relief based on emotional stress and humiliation, gross negligence, and a violation of Ariz. Rev. Stat. § 36-2954.[7]

## B.   Failure to Exhaust Remedies

Defendants also move to dismiss the Amended Complaint based on Plaintiff's failure to file an action in the superior court to appeal AHCCCS's decision denying her application for ALTCS benefits under the Administrative Review Act. Defendants argue

---

[6] Although defendants moved to dismiss based on Rules 12(b)(1) and (6), because the statutory notice requirements of Ariz. Rev. Stat. § 12-821.01(A) are procedural, rather than jurisdictional, the Court treats this aspect of Defendants' motion as an unenumerated 12(b) motion, thus allowing it "to look beyond the pleadings to consider the allegations . . . contained within Defendants' Motion and Plaintiff's Response." *See Martinez v. Maricopa Cnty*, 2006 WL 2850332, at *2 (D. Ariz. Oct. 4, 2006).

[7] The Court also dismisses Plaintiff's claims based on an alleged violation of Ariz. R. Stat. § 36-2954 because that statute requires AHCCCS to reimburse a "provider or noncontracting provider" for unreimbursed services provided to a person who was erroneously determined to be ineligible for ALTCS benefits. That section does not provide for payment to the person who was incorrectly determined to be ineligible for those benefits. *See* Ariz. Rev. Stat. § 36-2954.

- 8 -

that because Plaintiff did not file an action in the superior court, she did not exhaust her remedies. (Doc. 16 at 2.) Plaintiff asserts that she was not required to file a claim in superior court to exhaust her administrative remedies. (Doc. 20 at 2.)

As previously stated, after AHCCCS denied Plaintiff's application for ALTCS benefits, she requested an administrative hearing to review AHCCCS's decision. After conducting a hearing, an ALJ recommended affirming AHCCCS's denial of Plaintiff's application for ALTCS benefits. (Doc. 8-2 at 7-10.) The Director reviewed and adopted the ALJ's decision. (Doc. 8-2 at 1-4.) The Director's decision, which was mailed to Plaintiff on October 31, 2013, advised Plaintiff that she could appeal that decision to the superior court, pursuant to Ariz. Rev. Stat. §§ 12-901 through 12-914, within thirty-five days after the mailing of the Director's decision. (Doc. 8-2 at 4.) Plaintiff did not seek an appeal pursuant to Ariz. Rev. Stat. § 12-901 in the superior court.[8] (Doc. 16 at 3; Doc. 20.) Rather, she filed a separate complaint in this Court.

Defendants argue that Plaintiff did not exhaust her administrative remedies because she did not appeal the Director's decision to the superior court. (Doc. 16 at 2.) To support their argument, Defendants cite *Samaritan Health Sys. v. Ariz. Health Care Cost Containment Sys. Admin.*, 11 P.3d 1072, 1077 (Ariz. Ct. App. 2000). In that case, the court found that the superior court lacked jurisdiction over the plaintiff's claim for declaratory relief against AHCCCS because, before filing suit in the superior court, the plaintiff did not seek administrative review of AHCCCS's decision and, thus, did not exhaust its administrative remedies. *Id.* at 1076-77. The procedural posture of this case is distinguishable from *Samaritan*. Unlike the plaintiff in *Samaritan*, after AHCCCS denied Plaintiff's application for ALTCS benefits, she sought administrative review by requesting an evidentiary hearing before the Office of Administrative Hearings. After the

---

[8] Arizona Revised Statute § 41-1092.08(H) provides that "[a] party may appeal a final administrative decision pursuant to title 12, chapter 7, article 6 . . . ." The procedures for judicial review of administrative decisions in title 12 are found at Ariz. Rev. Stat. §§ 12-901 through 12-914.

- 9 -

hearing, the ALJ recommended affirming AHCCCS's denial of Plaintiff's application for ALTCS benefits and the Director adopted that recommendation.

However, the procedural posture of this case is similar to *Pfeffer v. Arizona Health Care Cost Containment System*, 2011 WL 4543955 (D. Ariz. 2011). In *Pfeffer*, defendants moved to stay the plaintiff's motion for preliminary injunction, which was based on AHCCCS's denial of the plaintiff's application for ALTCS benefits, "pending a consideration on the merits through the administrative process." *Id.* at *4. The court denied the motion to stay finding that the plaintiff had "already exhausted her administrative remedies." *Id.* The court noted that the plaintiff had an administrative hearing and the Director exercised his authority not to certify the ALJ's recommendations. *Id.* The court further noted that the plaintiff had *not* appealed the Director's decision to the superior court pursuant to Ariz. Rev. Stat. § 12-901 through § 12-914, and that no state proceedings were pending. The issue before the court in *Pfeffer,* however, was not specifically whether the plaintiff had exhausted her administrative remedies, but whether the state court had concurrent jurisdiction over plaintiff's claims. *Id.* at *4.

Although not directly on point, the *Pfeffer* decision suggests that Plaintiff may have exhausted her administrative remedies by seeking administrative review of the denial of her application for ALTCS, even though she did not appeal that decision to the superior court. However, as discussed below, even if Plaintiff exhausted her administrative remedies, her failure to appeal the Director's decision to the superior court precludes relief in this Court.

### C.   Claim Preclusion/Res Judicata

Defendants argue that because Plaintiff did not file an action in superior court under the Arizona Administrative Review Act to appeal the Director's decision denying her ALTCS benefits, res judicata and claim preclusion apply and preclude her from bringing her claims in this Court. (Doc. 16 at 5.) Claim preclusion provides that "[w]hen a state agency acts in a judicial capacity to resolve disputed issues of fact and law

properly before it, and when the parties have had an adequate opportunity to litigate those issues, federal courts must give the state agency's fact-finding and legal determinations the same preclusive effect to which it would be entitled in that state's courts." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 798- 99 (1986)). However, the district court must first independently assess the adequacy of the state's administrative forum. "The threshold inquiry . . . is whether the state administrative proceeding was conducted with sufficient safeguards to be equated with a state court judgment. The minimum criteria, articulated in *United States v. Utah Construction & Mining Co*., 384 U.S. 394 (1966), requires that: (1) the administrative agency act in a judicial capacity; (2) that the agency resolve disputed issues of fact properly before it; and (3) the parties have an adequate opportunity to litigate. *Utah Construction*, 384 U.S. at 422.

After AHCCCS denied Plaintiff's application for ALTCS benefits, she requested an administrative hearing to review AHCCCS's decision. An ALJ with the Office of Administrative Hearings conducted the hearing. (Doc. 8-2 at 1-12.) Plaintiff appeared before the ALJ and was represented by counsel. (Doc. 8-2 at 7.) Plaintiff's counsel made arguments on Plaintiff's behalf regarding the denial of her application for ALTCS benefits based on AHCCCS's determination that she was medically ineligible. (*Id.* at 9.) The ALJ issued a decision setting forth findings of fact, conclusions of law, and a recommendation. (Doc. 8-2 at 10.) After the ALJ's decision issued, the Director reviewed and adopted it. (Doc. 8-2 at 1-4.) Therefore, the Court finds that the administrative hearing met the criteria set out in *Utah Construction*. The record also reflects that Plaintiff was informed of her right to file an appeal with the state court pursuant to Arizona's Administrative Review Act, Ariz. Rev. Stat. §§ 12-901 through 12-914, within thirty-five days after delivery or mailing of the Director's decision (Doc. 8-2 at 4), and Plaintiff did not do so.

"Under Arizona law, a party's failure to appeal a final administrative decision makes that decision final and res judicata." *Olson*, 188 F.3d at 1086. "Under the

doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Id.* (citing *Gilbert v. Bd. of Medical Exam'rs of the State of Ariz.*, 745 P.2d 617 (Ariz. 1987), *superseded by statute on other grounds as stated in Goodman v. Samaritan Health Sys.*, 990 P.2d 1061, 1067 n.7 (Ariz. Ct. App. 1999)). Additionally, the doctrine of res judicata, "binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points that might have been litigated." *Olson*, 188 F.3d at 1086. Moreover, "[i]In Arizona, the failure to seek judicial review of an administrative order precludes collateral attack of the order in a separate complaint. If no timely appeal is taken, the [administrative] decision . . . is 'conclusively presumed to be just, reasonable and lawful.'" *Id.* (quoting *Gilbert*, 745 P.2d at 624). "This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal." *Olson*, 188 F.3d. at 1086; *see also Dommisse v. Napolitano*, 474 F. Supp. 2d 1121, 1128 (D. Ariz. 2007) (same).

Additionally, under the doctrine of collateral estoppel, "a party may also be precluded from relitigating an issue against someone who was not a party to the original action, provided there was a full and fair opportunity to litigate the issue in the original action." *Gilbert*, 745 P.2d at 176. Accordingly, a plaintiff is precluded from relitigating an issue against defendants who were not named parties to the administrative action when the "pivotal issue[s]" have already been litigated and decided against the plaintiff during the administrative proceeding, and when the plaintiff failed to appeal the administrative proceedings. *See Gilbert,* 745 P.2d at 623.

Defendants argue that because Plaintiff did not appeal the administrative decision to the state court, she is precluded from pursuing her present claims. The Court agrees. If Plaintiff wished to challenge the denial of her application for ALTCS benefits, she was required to appeal pursuant to the Administrative Review Act, which she did not do. The determination that Plaintiff was ineligible for ALTCS benefits is conclusively established

because Plaintiff did not appeal the Director's decision, and Plaintiff is precluded from challenging that decision in this proceeding. *See Olson*, 188 F.3d at 1083, *Dommisse*, 474 F. Supp. 2d at 1121. Therefore, Plaintiff fails to state a claim upon which relief can be granted. *See Gorney v. Ariz. Bd. of Regents*, 2014 WL 4354837, at *13 (D. Ariz. Sept. 3, 2014) (finding that plaintiff failed to state a claim upon which relief could be granted when his failure to appeal an administrative decision to the state court precluded review of that decision).

The Amended Complaint asserts several claims based on the denial of Plaintiff's application for ALTCS benefits, including allegations that Defendants breached an agreement with Medicaid, that the denial of her application for ALTCS benefits was "grossly negligent," and that it caused her emotional stress and humiliation. (Doc. 12 at 13.) Plaintiff could have raised these claims during the administrative proceedings or on appeal to the state court. Accordingly, she is precluded from bringing these claims in this proceeding. *See Olson*, 188 F.3d at 1086-87 (stating that under res judicata, an unappealed final administrative decision precludes litigation upon facts that were actually litigated and also "upon those points that might have been litigated."); *Dommisse,* 474 F. Supp. 2d at 1128 (when the plaintiff failed to appeal the final administrative decision, he was precluded from raising constitutional claims and claims of extrinsic fraud in the district court because he could have raised those claims in the state proceeding).

Plaintiff's Amended Complaint also asserts that the denial of her application for ALTCS benefits was "discriminatory" and unconstitutional. (Doc.12 at 8-13.) Plaintiff essentially recasts her challenge to the denial of her application for ALTCS benefits as claims that Defendants violated her rights under the Due Process and Equal Protection Clauses, and a claim that the ALTCS pre-admission screening policy is unconstitutional on its face and as applied. A failure to appeal under the Administrative Review Act can preclude the later filing of a constitutional claim in a separate action. *See Dommisse*, 474 F. Supp. 2d at 1128 (a general challenge to the constitutionality of a disciplinary scheme was barred by res judicata). The constitutional issues Plaintiff raises in the Amended

1  Complaint could have been brought before the ALJ or on appeal before the state court. *See Olson*, 188 F.3d at 1083 (res judicata barred section 1983 action against members of the Arizona Board of Psychologist Examiners); *Dommisse*, 474 F. Supp. 2d at 1128 (plaintiff's failure to appeal barred his constitutional claims).

Finally, although Plaintiff's Amended Complaint names "agents" of AHCCCS as defendants (Defendants Kenney, Lopez, Robbins, Fuentavilla, and Roumain), these parties (who participated in the review of Plaintiff's ALTCS applications) were privies with AHCCCS in the matters litigated in the administrative proceeding and Plaintiff is precluded from pursuing an action against these Defendants because she did not appeal the administrative proceedings to the state court. *See Dommisse*, 474 F. Supp. 2d 1121; *Gilbert,* 745 P.2d at 617.

In summary, to seek relief based on the claims raised in the Amended Complaint, Plaintiff was required to file an appeal of the Director's decision denying her application for ALTCS benefits, pursuant to the Administrative Review Act, and she did not do so. Accordingly, Plaintiff is precluded from raising her claims in a separate lawsuit in this Court. Considering the preclusive effect of the Director's decision, the Court dismisses Plaintiff's Amended Complaint without leave to amend because she cannot cure the defects that are present. *See Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (the court need not grant leave to amend when amendment would not cure the defects in the pleading). Therefore, the Court grants Defendants' motion to dismiss and does not consider Defendants' other arguments supporting its motion.[9]

Accordingly,

///

///

///

---

[9] Defendants also argue that Plaintiff's claims are barred by the Eleventh Amendment, that her individual claims fail to state a claim upon which relief can be granted, and that the Amended Complaint does not comply with Rule 8. (Doc. 16.)

- 14 -

1  **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**
2  and that the Amended Complaint (Doc. 12) is dismissed. The Clerk of Court shall
3  terminate this action.
4  Dated this 10th day of December, 2014.

Bridget S. Bade
United States Magistrate Judge